IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LLOYD MORTIER BARRUS,<br><br>Plaintiff,<br><br>vs.<br><br>GOV. STEVE BULLOCK, THE STATE OF MONTANA, KYLE FOUTS, DR. VIRGINIA HILL, and DR. TIM CASEY,<br><br>Defendants. | CV 20-00017-M-DLC-KLD<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

   Plaintiff Lloyd Barrus filed a Motion to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint (Doc. 2) alleging civil rights claims under 42 U.S.C. § 1983.  The Court will grant Mr. Barrus's motion to proceed in forma pauperis (Doc. 1) but Mr. Barrus's claims for injunctive relief should be dismissed and his claims for monetary relief should be stayed pending the resolution of his state court proceedings.

**I. MOTION TO PROCEED IN FORMA PAUPERIS**

   Mr. Barrus's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. § 1915(a).  (Doc. 1.)  The Court will grant the request to proceed in forma pauperis but since Mr. Barrus is a prisoner, he must still pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will waive the initial partial filing fee required under 28

1

U.S.C. § 1915(b)(1) because Mr. Barrus submitted an account statement showing an inability to pay that fee. *See Bruce v. Samuels*, 136 S.Ct. 627, 629 (2016) ("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Barrus may proceed with the case, but he must pay the full filing fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Barrus must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.*

By separate order, the Court will direct Montana State Hospital to forward payments from Mr. Barrus's account to the Clerk of Court each time the account balance exceeds $10.00, until he has paid the filing fee in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

### A. Parties

Mr. Barrus is currently detained at Montana State Hospital in Galen, Montana. His allegations arise from his arrest in Missoula, Montana on May 16, 2017 and his detainment at the Montana State Hospital in Galen, Montana.

Mr. Barrus names the following Defendants: Governor Steve Bullock, the People of the State of Montana, Montana State Hospital Director Kyle Fouts, Dr.

Virginia Hill, and Dr. Tim Casey.

### B. Allegations

Mr. Barrus alleges Defendants' actions resulted in his unlawful confinement absent a grand jury indictment, his unlawful commitment to the Montana State Hospital, and a court-order for forced medication all while denying him his right to speedy trial at the risk of his death or permanent harm or disfigurement.

He claims that on November 23, 2016, Gallatin County law enforcement arrested his son Marshall Ladd Barrus with no probable cause and no real evidence which required him to travel to Gallatin County in May 2017 to assist his son in securing employment. He alleges that on May 16, 2017, law enforcement killed his son, arrested him, and incarcerated him without a grand jury indictment. He claims he has been threatened with the death penalty, with forced medication, and has been denied a speedy trial. (Complaint, Doc. 2 at 4-5.)

He asks the Court to appoint him counsel, stop the State of Montana from forcibly medicating him, prevent imminent danger of death or serious physical injury, release him from captivity, repair his damaged vehicle, and pay him damages for his vehicle, lost wages, time lost in captivity, pain and suffering, and for the wrongful death of his son. He seeks $11,000,000.00 in damages. (Complaint, Doc. 2 at 5.)

### C. Montana Supreme Court[1]

On May 13, 2019, Mr. Barrus filed a petition for a writ of supervisory control in the Montana Supreme Court seeking a reversal of the First Judicial District Court in Broadwater County's Findings of Fact, Conclusions of Law and Order on Involuntary Medications in its Cause No. CDC-2017-15.  In that Order, the District Court ordered Mr. Barrus to comply with a treatment plan or to be involuntarily medicated with antipsychotic drugs in an attempt to render Mr. Barrus competent to stand trial for five felony charges arising from an incident in March 2017 that included a police pursuit and the shooting death of a law enforcement officer.

Mr. Barrus was evaluated at Montana State Hospital in December 2017 and found mentally unfit to proceed to trial due to a mental disorder.  Dr. Virginia Hill, staff psychiatrist at Montana State Hospital and Timothy Casey, staff psychologist, diagnosed Mr. Barrus with several mental health disorders.  Dr. Hill developed a treatment plan designed to render Mr. Barrus fit to proceed in the criminal proceedings against him.  This plan included the use of antipsychotic medications.

---

[1] A court may take judicial notice of "court filings and other matters of public record," such as orders, pleadings, and memoranda. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).  In addition, a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Mr. Barrus refused to comply with the plan. The State asked the District Court to order Mr. Barrus to comply, including taking medication as prescribed. On December 4, 2018, the District Court began a five-day evidentiary hearing on the State's motion. On May 1, 2019, the District Court issued its Findings of Fact, Conclusions of Law and Order on Involuntary Medications, and ordered Mr. Barrus to comply with his treatment plan or face involuntary medication if he failed to comply. On January 22, 2020, the Montana Supreme Court issued an opinion affirming the District Court's rulings in its Findings of Fact, Conclusions of Law and Orders on Involuntary Medications. *Barrus v. Montana First Judicial District Court, Broadwater County, Hon. Kathy Seeley, Presiding Judge*, 2020 MT 14, OP 19-0285, January 22, 2020.

### III. SCREENING STANDARD

Mr. Barrus is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A. Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed

5

with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## IV.  SCREENING ANALYSIS

### A.  *Younger v. Harris*

Mr. Barrus's claims of unlawful confinement, unlawful commitment to the Montana State Hospital, denial of speedy trial, and court-ordered forced medication are all barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). There is a strong policy against federal intervention in state judicial

processes in the absence of great and immediate irreparable injury to the federal plaintiff. *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), *cert. denied* 391 U.S. 917 (1968). *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41). Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution. *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)). Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint*

8

*Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)).  If these "threshold elements" are met, then the Court must "consider whether the federal action would have the practical effect of enjoining the state proceedings and whether an exception to *Younger* applies."  *ReadyLink*, 754 F.3d at 759 citing *Gilbertson*, 381 F.3d at 978, 983–84.

Here, the "threshold elements" of *Younger* are present.  According to the Montana Supreme Court, Mr. Barrus is facing five felony charges arising from an incident in March 2017 that included a police pursuit and the shooting death of a law enforcement officer.  He is being evaluated and treated at Montana State Hospital in an attempt to render him fit to proceed in the criminal proceedings against him.  *Barrus v. Montana First Judicial District Court, Broadwater County, Hon. Kathy Seeley, Presiding Judge*, 2020 MT 14, OP 19-0285, January 22, 2020.  There is no indication that the criminal proceedings against Mr. Barrus have ended and even if they had the *Younger* abstention doctrine applies while Mr. Barrus's case works its way through the state appellate process.  *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention

occurred at or before trial.").

The state proceedings are criminal enforcement actions which implicate an important state interest to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44. The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana. This Court may not interfere with those interests when the prosecutorial process is ongoing.

Finally, Mr. Barrus has an adequate opportunity in the state district court to raise federal questions and concerns that affect his federal rights. "[T]he threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46. Mr. Barrus has opportunities under Montana law to address the alleged violations of his federal rights relative to his prosecution. In addition, Mr. Barrus is represented by counsel in his criminal proceedings.

*Younger* principles apply and a stay is appropriate when a federal ruling on a § 1983 claim would necessarily "determine whether the federal plaintiff's constitutional rights were violated". *Gilbertson*, 381 F.3d at 984. But "*Younger* abstention is proper only when the federal relief sought would interfere in some manner in the state court litigation." *Meredith v. Oregon*, 321 F.3d 807, 816–17 (9th Cir. 2003). Here, a determination regarding whether Mr. Barrus's

constitutional rights were violated would have the effect of interfering with the "state courts' ability to enforce constitutional principles, and put the federal court in the position of making a premature ruling on a matter of constitutional law." *Gilbertson*, 381 F.3d at 984. To rule on the constitutional issues raised by Mr. Barrus in these circumstances would impermissibly risk interfering with the State of Montana's administration of its judicial system.

If all four prongs of the *Younger* test are satisfied, then the Court must abstain from adjudicating Mr. Barrus's claims. Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.* (*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)). Mr. Barrus has not alleged an exceptional circumstance sufficient to avoid abstention.

If abstention is appropriate under *Younger* and the federal plaintiff seeks monetary damages, the proper procedural remedy is to stay the federal proceedings pending the outcome of the ongoing state proceedings. If the federal plaintiff seeks only injunctive or declaratory relief, the proper procedural remedy is dismissal of the federal action. *AmerisourceBergen Corp. v. Roden*, 495 F.3d

11

1143, 1148 (9th Cir. 2007). Mr. Barrus's claims for injunctive relief should be dismissed and his claims for monetary relief should be stayed pending the outcome of the ongoing state proceedings.

### B. Rooker-Feldman Doctrine

As set forth above, on January 22, 2020, the Montana Supreme Court denied Mr. Barrus's Petition for Writ of Supervisory Control seeking to reverse the First Judicial District Court's Order to comply with a treatment plan or to be involuntarily medicated with antipsychotic drugs. To the extent that Mr. Barrus is attempting to appeal the Montana Supreme Court's decision upholding forced medication, this Court is precluded from exercising jurisdiction by the *Rooker–Feldman* doctrine. Federal district courts may not exercise appellate jurisdiction over state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *see also Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (as amended). The United States Supreme Court may only review of state court decisions. *Feldman*, 460 U.S. at 476, 486; *Rooker*, 263 U.S. at 416; see also 28 U.S.C. § 1257.

"Under *Rooker–Feldman*, lower federal courts are without subject matter jurisdiction to review state court decisions, and state court litigants may therefore only obtain federal review by filing a petition for a writ of certiorari in the

Supreme Court of the United States." *Mothershed v. Justices of Supreme Ct.*, 410 F.3d 602, 606 (9th Cir. 2005) (as amended). "To determine whether the *Rooker–Feldman* bar is applicable, a district court first must determine whether the action contains a forbidden de facto appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)). If the action contains a de facto appeal, a district court is barred from deciding not only the issues decided by the state court but also any other issues that are "inextricably intertwined" with the state court's decision. *Id.*; *Noel*, 341 F.3d at 1157; *see Feldman*, 460 U.S. at 486–87.

*Rooker–Feldman* applies even when the challenge to the state court's actions involves federal constitutional issues. *Feldman*, 460 U.S. at 484–86; *Dubinka v. Judges of Superior Court*, 23 F.3d 218, 221 (9th Cir. 1994). "The doctrine does not, however, prohibit a plaintiff from presenting a generally applicable legal challenge to a state statute in federal court, even if that statute has previously been applied against him in state court litigation." *Mothershed*, 410 F.3d at 606. "Although a federal district court does not have jurisdiction to review constitutional challenges to a state court's decision, the court does have jurisdiction

over a general constitutional challenge that does not require review of a final state court decision in a particular case." *Dubinka*, 23 F.3d at 221.

To the extent Mr. Barrus is challenging the Montana Supreme Court's decision to forcibly medicate him to be competent to stand trial, the Court does not have subject matter jurisdiction to do so.

Accordingly, the Court issues the following:

## ORDER

Mr. Barrus's motion to proceed in forma pauperis (Doc. 1) is GRANTED. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2.) The Complaint is deemed filed February 11, 2020.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Mr. Barrus's claims seeking injunctive relief including that the State of Montana be stopped from forcibly medicating him, that he be released from captivity, and that his damaged vehicle be repaired should be DISMISSED.

2. Mr. Barrus's claims for monetary damages should be STAYED pending resolution of Mr. Barrus's state court proceedings. The Clerk of Court should be directed to administratively close this matter. Mr. Barrus should be advised that if he desires to continue this matter after disposition of the criminal charges against him, he must request the stay be lifted and the case be reopened within thirty days

of completion of the appellate process.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of June, 2020.

                                        */s/ Kathleen L. DeSoto*
                                        Kathleen L. DeSoto
                                        United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Barrus is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.