IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LLOYD MORTIER BARRUS, | CV 20–17–M–DLC–KLD |
| Plaintiff, | |
| vs. | ORDER |
| GOV. STEVE BULLOCK, THE STATE OF MONTANA, KYLE FOUTS, DR. VIRGINIA HILL, and DR. TIM CASEY, | |
| Defendants. | |

On June 3, 2020, United States Magistrate Judge Kathleen L. DeSoto entered an Order and Findings and Recommendations recommending that Plaintiff Lloyd Mortier Barrus's claims for injunctive relief be dismissed and his claims for monetary relief be stayed pending the resolution of his state court proceedings. (Doc. 4.) Barrus does not object. A party is only entitled to de novo review of those findings to which he or she specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge DeSoto determined that Barrus's various claims are barred by the *Younger* and *Rooker-Feldman* doctrines. (*Id.* at 7, 12.) Judge DeSoto is correct that Barrus' claims of unlawful confinement and commitment, denial of speedy trial, and court-ordered medication are (in various versions) currently pending before the state court. Barrus is still awaiting prosecution of five felony counts and is currently detained at the Montana State Hospital. Hearing any of his claims related to a pending criminal matter would violate *Younger v. Harris*, 401 U.S. 37 (1971), for the reasons given by Judge DeSoto. *Younger* instructs that claims for injunctive relief be dismissed and claims for monetary damages be stayed until resolution of the state court matter. *AmerisourceBergen Corp. v. Roden*, 495 F.3d 12 1143, 1148 (9th Cir. 2007). Accordingly, there is no clear error in Judge DeSoto's determination.

Judge DeSoto is also correct that to the extent Barrus is attempting to challenge the Montana Supreme Court's decision upholding Barrus's forced medication, this claim must be dismissed for lack of jurisdiction. Under the *Rooker Feldman* doctrine federal courts are precluded from exercising appellate jurisdiction over state court decisions. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Therefore, there was no clear error in Judge DeSoto's recommendation to dismiss this claim.

IT IS ORDERED that Judge DeSoto's Findings and Recommendations (Doc. 4) is ADOPTED in full.

1. Barrus's claims seeking injunctive relief including that the State of Montana be stopped from forcibly medicating him, that he be released from captivity, and that his damaged vehicle be repaired are DISMISSED.

2. Barrus's claims for monetary damages are STAYED pending resolution of his state court proceedings. The Clerk of Court is directed to administratively close this matter. Barrus is advised that if he desires to continue this matter after disposition of the criminal charges against him, he must request the stay be lifted and the case be reopened within thirty days of the completion of the appellate process.

DATED this 1st day of July, 2020.

Dana L. Christensen, District Judge
United States District Court